IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL C. WICKS,

                                      Civil No. 07-1776-MO

        Petitioner,

     v.

MARK NOOTH,

                                    OPINION AND ORDER

        Respondent.

     Alison M. Clark
     Assistant Federal Public Defender
     101 S.W. Main Street, Suite 1700
     Portland, Oregon 97204

            Attorney for Petitioner

     John R. Kroger
     Attorney General
     Kristen E. Boyd
     Assistant Attorney General
     Department of Justice
     1162 Court Street NE
     Salem, Oregon 97310

            Attorneys for Respondent

///

   1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 seeking to challenge the validity of his guilty plea in the Multnomah County Circuit Court.  For the reasons which follow, the Petition for Writ of Habeas Corpus (#3) is denied.

### BACKGROUND

On September 2, 2003, petitioner was indicted in Multnomah County on two counts of Burglary in the First Degree with a Firearm, two counts of Robbery in the First Degree with a Firearm, Assault in the first Degree, and Felon in Possession of a Firearm. Respondent's Exhibit 102.  Pursuant to plea negotiations, petitioner agreed to plead guilty to two counts of Robbery in the First Degree and one count of Burglary in the first Degree.  In exchange, the prosecution agreed: (1) to dismiss the remaining counts against petitioner; (2) to stipulate to a downward departure for the Burglary sentence so petitioner would receive a total sentence of 240 months; and (3) that "upon confirmation of the sentences by the [Oregon Department of Corrections], defendant's federal supervision [is] to be discharged."  Respondent's Exhibit 103.

During the plea hearing which ensued, the following exchange occurred between defense counsel ("Raivio") and the court:

RAIVIO:   . . . Mr. Wicks was interested in getting his
          federal detainer and supervision discharged.
          The federal judge is willing to do that.  They
          are insistent that Mr. Wicks, you know, waive

2 - OPINION AND ORDER

any right of appeal of the sentence so they know his sentence is final, and assuming the sentence is not returned by the Department of Corrections for some error, once that is confirmed, then his federal P.O. will approach -- the judge has told the P.O. that he will discharge the supervision at that point. I believe I've been over the forms with Mr. Wicks. I believe he understands them fully and I think we're ready for a plea.

COURT:     All right. Thank you. Mr. Wicks, we talked before in my office and that was informal, not on the record. So today we may talk about some of the same things out loud so that it's on the record.

DEF'T:     Okay.

                    * * * * *

COURT:     Now, you realize as part of this whole package of things, you have agreed to give up your right to appeal this sentence.

DEF'T:     Absolutely.

COURT:     Truthfully, it's an agreed on sentence so you wouldn't have a lot to appeal anyway.

DEF'T:     Right.

COURT:     But part of this whole package, and especially with the federal charge involved, you're giving up your right to appeal, so what happens today will basically be it.

DEF'T:     Right.

                    * * * * *

COURT:     And you understand what the situation is with your federal sentence?

DEF'T:     Right.

COURT:     And that -- we talked before, there's nothing I can do about that.

3 - OPINION AND ORDER

```
DEF'T:    Right.

COURT:    I simply trust Judge Marsh to do what he says
          he's going to do, but you have to understand
          that's not really a part of what this plea
          negotiation is going to be all about because I
          can't control that.

DEF'T:    Right.
```

Respondent's Exhibit 104, pp. 2-6.  The trial judge then accepted

petitioner's plea and sentenced him to 240 months in prison.

Petitioner did not pursue a direct appeal, but did file for

post-conviction relief ("PCR") in Malheur County where he alleged

that he suffered from ineffective assistance of counsel, and that

his guilty plea was not entered knowingly, voluntarily, and

intelligently.  Respondent's Exhibit 105.  The PCR trial court

denied relief on all of his claims.  Respondent's Exhibits 141 &

142.  The Oregon Court of Appeals affirmed the lower court without

opinion, and the Oregon Supreme Court denied review.  *Wicks v.*

*Hill*, 214 Or.App. 171, 163 P.3d 614, *rev. denied*, 343 Or. 224, 168

P.3d 1155 (2007).

Petitioner filed this federal habeas corpus action on November

30, 2007 raising five grounds for relief pertaining to the

competency of his trial attorney and the validity of his guilty

plea.  Respondent asks the court to deny relief on the Petition

because four of petitioner's claims are procedurally defaulted, and

the Oregon state court decisions denying relief on the only

properly preserved claim are entitled to deference.

4 - OPINION AND ORDER

## DISCUSSION

### I.    Standard of Review.

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires

the state court decision to be more than incorrect or erroneous. *Id* at 410.   The state court's application of clearly established law must be objectively unreasonable.   *Id* at 409.

## II.   <u>Unargued Claims</u>.

The Petition for Writ of Habeas Corpus contains a total of five grounds for relief.   Petitioner provides argument only to support his third ground for relief where he argues that his guilty plea was induced by an unfulfilled promise by the State to confirm his sentence to his federal parole officer.   Petitioner does not provide argument in support of the remainder of the claims raised in his Petition, nor does he attempt to refute the State's arguments in its Response that these claims do not entitle him to relief.   The court has nevertheless reviewed petitioner's unargued claims and determined that they do not entitle him to relief.   *See* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."); *see also Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims).

## III. <u>Ground Three:</u>   <u>Breach of Plea Agreement</u>.

Due process requires that a defendant's guilty plea be voluntary and intelligent.   *Boykin v. Alabama*, 395 U.S. 238, 242

6 - OPINION AND ORDER

(1969).  A guilty plea is voluntary if it is given by a defendant

who is fully aware of the direct consequences of his plea.  *Mabry*

*v. Johnson*, 467 U.S. 504, 509 (1984); *Brady v. United States*, 397

U.S. 742, 755 (1970).   "[W]hen a plea rests in any significant

degree on a promise or agreement of the prosecutor, so that it can

be said to be part of the inducement or consideration, such promise

must be fulfilled."  *Santobello v. New York*, 404 U.S. 257, 262

(1971).

The PCR trial court made the following factual findings with

respect to petitioner's Ground Three claim:

   4.   Petitioner entered his guilty plea knowingly,
        intelligently and voluntarily as reflected in the
        Petition to Plead Guilty and in petitioner's
        responses to the questioning of the court.

   8.   Before petitioner took the plea, the trial court
        explained that it had no control over the federal
        judge, and that the discharge of federal
        supervision was not part of the plea negotiation.

   9.   Petitioner pled guilty knowing that the state court
        had no control over the federal judge's actions and
        that the discharge of federal supervision was not
        part of the plea negotiation.

   10.  The discharge of petitioner's federal supervision
        is dependent on petitioner's sentence not being
        overturned on direct appeal or post-conviction.

Respondent's Exhibit 141, pp. 3-4.

According to respondent, petitioner's claim must fail because

petitioner was well aware that the state court would be unable to

require the federal court to discharge his supervision.  But

petitioner does not argue that the state courts can compel a

    7 - OPINION AND ORDER

federal court to take a specific course of action.  Instead, he

asserts that the plea agreement bound the Oregon Department of

Corrections ("ODOC") to confirm his sentence to the appropriate

federal authorities because, without such confirmation, the federal

court will not consider discharging his federal supervision.

According to the affidavit of trial counsel:

> The [federal] Judge approved the discharge of the
> supervision but was concerned about the possibility that
> the state sentence could be reversed and did not want to
> terminate the supervision unless and until it was clear
> that the sentence would be served.  That is the reason
> for the language in the plea petition that the sentence
> needed to be confirmed and petitioner agreed not to
> appeal the sentence.   I was told by [the federal
> prosecutor] on November 29, 2005 that he had just talked
> to [the federal parole officer] and was told that
> petitioner's supervision will be discharged when they are
> assured that his sentence will not be overturned on
> appeal or post-conviction relief.

Respondent's Exhibit 137, pp. 2-3.

While the State is unable to compel the federal court to

discharge petitioner's term of federal supervision, it is required

to see that ODOC confirms petitioner's sentence at the appropriate

time.  The court must therefore resolve the question of when ODOC

is/was obligated to confirm petitioner's sentence.

ODOC's delay in confirming petitioner's sentence is due to

petitioner's unanticipated legal challenges.  During the entry of

petitioner's guilty plea, his attorney clearly stated that ODOC's

confirmation of petitioner's sentence was predicated on the

"insisten[ce] that Mr. Wicks . . . waive any right of appeal of the

8 - OPINION AND ORDER

sentence so [the federal court personnel] know his sentence is final. . . ."  Respondent's Exhibit 104, pp. 2-3.  When petitioner disregarded this condition and filed his PCR Petition, ODOC could not faithfully represent to the federal court that petitioner's sentence would be served as originally imposed.  Petitioner recognizes as much, and argues that ODOC was obligated to confirm his sentence to the federal court once his state PCR litigation became final.

It is difficult to see why a state PCR action is any different than a federal habeas challenge in terms of the finality of a litigant's criminal convictions and resulting sentence.  Federal habeas is simply another avenue for post-conviction relief as it constitutes a collateral attack on an inmate's convictions and sentence.  Thus, if ODOC had no obligation to confirm petitioner's sentences until the conclusion of his state PCR proceedings, ODOC has no such obligation during the pendency of petitioner's federal habeas challenge.  In this respect, petitioner cannot continue to challenge the validity of his guilty plea and, at the same time, fault the State for failing to certify to federal officials that his sentence is immutable.  Because the State did not breach the plea agreement with petitioner, the PCR trial court's decision on this issue was neither contrary to, nor an unreasonable application of, clearly established federal law.

///

9 - OPINION AND ORDER

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#3) is DENIED.

IT IS SO ORDERED.

DATED this ___23___ day of February, 2009.


                            __/s/Michael W. Mosman___
                              Michael W. Mosman
                              United States District Judge

10 - OPINION AND ORDER